# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| Beverly A. Gagne, | ) | Civil Action No.: 3:18-cv-00208-JMC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| SAFE Federal Credit Union, | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 62) filed on January 30, 2020. Within the Report, the Magistrate Judge recommends that the court grant Defendant's Motion for Summary Judgment (ECF No. 34) and dismiss Plaintiff Beverly A. Gagne's ("Gagne") remaining three claims. For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 62), and **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 34).

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Report provides a thorough examination of the facts, which this court incorporates herein without a full recitation and are either undisputed or taken in the light most favorable to Gagne. (ECF No. 34 at 1–4.) As brief background, Gagne filed this action pursuant to the American with Disabilities Act ("ADA"), (as amended, including those of the ADA Amendments Act of 2008), the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. § 2601, *et. seq.*, as amended, and the United States Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §621, *et seq.* against her former employer, Defendant SAFE Federal Credit Union ("SAFE"). (ECF No. 1.)

1

Gagne was employed with SAFE from 1984 to 2018. (ECF No. 42 at 2.) Gagne worked in the credit union industry for over thirty (30) years and was the Chief Executive Officer ("CEO") of SAFE Federal Credit Union from 2001 until her termination in May 2018. (ECF No. 43 at 1, ¶¶ 3, 7.) As CEO, Gagne reported directly to the Credit Union's Board of Directors. In 2014-2015, Gagne began suffering from gastrointestinal issues and was ultimately diagnosed with microcolitis in 2015. Around the time that Gagne turned sixty-five (65) years old, she experienced knee issues and was diagnosed with bilateral knee osteoarthritis in 2016.

Due to Gagne's absence from important meetings and due to several performance issues, two Board members provided her with a proposed Performance Improvement Plan ("PIP"). For example, it is undisputed that Gagne was required to attend an extremely important yearly pre-examination meeting on August 10, 2015, which she intended to join, but ultimately did not attend. (ECF No. 42 at 6.) According to Gagne, she was unable to attend due to her gastrointestinal issues. (*Id*.) Once confronted with the PIP, Gagne informed the Board of her gastrointestinal issues and shared the knee information with a Board member as well. (ECF No. 34-2 at 64-66.) Instead of issuing the PIP, the board requested a written response to the performance issues identified and demanded that Gagne address them with an action plan. There is some contention as to whether Gagne ever provided that action plan. (*Compare* ECF No. 67 at 14 *with* ECF No. 42 at 7.) Regardless, during the next year, in September 2016, Gagne was required to attend another pre-examination meeting and "unfortunately, due to her continuing gastrointestinal issues and knee pain, Gagne was unable to attend the meeting." (ECF No. 42 at 9.)

Additionally, Gagne had received declining performance ratings and negative feedback from the Board, the Executive Committee, and other SAFE stakeholders. (ECF Nos. 57 at 9-10; 34 at 15-16.) Despite Gagne's absences from the meetings, SAFE celebrated record-setting

performances as a whole for the 2015-2016 year. (ECF No. 42 at 11.) On October 20, 2016, Gagne informed the Board that she was going to undergo double knee replacement surgery in early December 2016. (*Id*.) On or about October 31, 2016, the Executive Committee of the Board met to discuss terminating Gagne's employment under Section 10.2.1 of her Employment Agreement, which required SAFE to pay Gagne six months' salary. (ECF No. 42 at 12.) While Gagne asserts that SAFE intended to replace her as CEO with a younger employee, it is undisputed that SAFE ultimately hired Darryl Merkel, an older employee, to initially—and eventually—permanently serve as the new CEO. (ECF No. 42 at 13.)

On January 25, 2018, Gagne filed her Complaint alleging six causes of action against SAFE. (ECF No. 1.) On August 29, 2019, Defendants filed its Motion for Summary Judgment. (ECF No. 34.) On September 23, 2019, Gagne filed her Memorandum in Opposition to SAFE's Motion for Summary Judgment. (ECF No. 42.) The Magistrate Judge issued her Report and Recommendation ("Report") (ECF No. 62) on January 30, 2020. Gagne timely filed objections ("Objections") to the Magistrate Judge's Report on February 20, 2020. (ECF No. 67.) SAFE filed its Response to Gagne's Objections on March 12, 2020. (ECF No. 72.) Gagne's Objections (ECF No. 67) and the Magistrate Judge's Report (ECF No. 62) are ripe for review.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are

3

not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Since the inception of this action, Gagne has abandoned three out of her six initial claims. Specifically, Gagne abandoned her causes of action based upon alleged improper medical examination requirements within her Memorandum in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 42 at 1.) Gagne then abandoned her ADA claim for Failure to Accommodate within her Objection to the Report. (ECF No. 67 at 2.) Therefore, the only claims that this Order will address are her claims for FMLA Retaliation, Disability Discrimination, and Age Discrimination. Gagne puts forth several objections concerning the Magistrate Judge's recommendation to dismiss her three remaining claims. The court will address each pertinent objection in turn.

First, Gagne challenges the Report and asserts that the Magistrate Judge's determination that "no reasonable jury could find on this record that SAFE's proffered legitimate, nondiscriminatory reason—Gagne's declining performance as a CEO—was a pretext for discrimination based on either her age, knee disability, or exercise of her FMLA rights for her knee surgery", (ECF No. 62 at 8-9) , is error because it is based on an "improper view of the facts and evidence in this case." (ECF No. 67 at 5.) Gagne explains that she meets her burden of showing

4

pretext "by showing that Darryl Merkel, Gagne's ultimate replacement as CEO, matched Gagne's performance, most notably in this NCUA examination results which are nearly identical…" (*Id.*)

However, despite Gagne's assertion that the Magistrate Judge has an improper view of the evidence, Gagne has not pointed to any established evidence in the record that the Report overlooked. Additionally, the court has found no additional evidence in the record that SAFE's explanation was pretextual other than Gagne's bare assertions. While the court understands Gagne's argument that her ultimate replacement "matched Gagne's performance" on an exam, the Magistrate Judge correctly considered a myriad of performance issues cited by SAFE for Gagne's declining performance, not only her exam results. The Magistrate Judge notes that "multiple sources identified problems with Gagne's execution of her duties as CEO." (ECF No. 62 at 9.) "Not only Board members, but members of her executive team, outside consultants, and the credit union's regulators also faulted Gagne for various problems." (ECF No. 62 at 9 citing ECF No. 34-19 at 3-6; ECF No. 34-18 at 12-16; ECF No. 34-12 at 33; ECF No. 34-20 at 2-3; CEO Performance Feedback, ECF No. 34-24; 2015 Performance Evaluation, ECF No. 34-9.) A plaintiff's performance is evaluated at the time of the alleged adverse action and courts have recognized that "it is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." *Hawkins v. PepsiCo. Inc.*, 203 F.3d 274, 280 (4th Cir. 2000). An employer's expectations of its employees are considered "legitimate" when they are honestly held, whether the employee agrees with those expectations is not the test. *Thornley v. Penton Pub., Inc*, 104 F. 3d 26, 30 (2d. Cir. 1997) (stating that a "plaintiff must satisfy the employer's honestly-held expectations.").

Gagne has not shown that SAFE's expectations were a "sham designed to hide the [its] discriminatory purpose." *See Warch v. Ohio Casualty Ins. Co.*, 435 F. 3d 510, 516 (4th Cir. 2006).

5

The court finds that the Magistrate Judge did not err in determining that "no reasonable jury could find on this record that SAFE's proffered legitimate, nondiscriminatory reason—Gagne's declining performance as a CEO—was a pretext for discrimination…"

Next, in Gagne's view, she has "presented sufficient evidence to create a question of fact that SAFE terminated her because of her disability" because of the "closeness in time between Gagne's notification to the Board of her knee condition and her termination." (ECF No. 67 at 7.) Gagne states that the Magistrate Judge erred in countering Gagne's temporal argument when the Magistrate Judge states that, "while temporal proximity in certain circumstances can raise an inference of discrimination sufficient to make a prima facie case, it is alone usually insufficient to show pretext." (ECF No. 62 at 11 (citing *Mercer v. Arc of Prince Georges Cty., Inc.*, 532 F. App'x 392, 399 (4th Cir. 2013)). Gagne asserts that during the time period when she would be out on medical leave, SAFE was facing a large project which required "significant work by all SAFE employees and Board members" and SAFE was unpleased with the fact that Gagne, as CEO, would not be present. (ECF No. 67 at 7.) However, this information is still insufficient to show pretext because it is another version of the same temporal proximity argument that the Magistrate Judge determined was insufficient on its own to show pretext.

Finally, relating to Gagne's Age Discrimination claim, Gagne contends that the Magistrate Judge erred when she "declined to take into account the argument that SAFE intended to replace Gagne with Penny Pratt, who was ten years younger than Gagne at the time it terminated Gagne's employment." (ECF No. 67 at 9.) However, the Magistrate Judge was correct in her determination that "although Gagne suggests that the Board initially planned to replace her with Pratt, who is ten years younger than [Plaintiff], she cannot dispute that Merkel [who is much older than Plaintiff], ultimately replaced her." (ECF No. 62 at 11.) *See e.g. Forman v. Welding Servs., Inc.*, No. 1:04-

CV-2838-TCB, 2006 WL 8431787, at *13 (N.D. Ga. Oct. 18, 2006) ("There is simply no evidence in the record that the decision to terminate Quarterman was based upon an intention to discriminate on the basis of age, especially when one considers that the ultimate decision to keep Taylor instead of Quarterman resulted in a younger person being laid off and an older person remaining employed.").

In evaluating a summary judgment motion, "[t]he district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997). Here, the court finds that Gagne has not established "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in SAFE's proffered legitimate reasons for its action based on the present record, and review of Gagne's Objections has not altered that determination.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 62). Therefore, the court **GRANTS** Defendant SAFE's Motion for Summary Judgment (ECF No. 34) and **DISMISSES** all remaining claims.

**IT IS SO ORDERED.**

March 27, 2020
Columbia, South Carolina

*J. Michelle Childs*
United States District Judge

7